1    AMY W. SCHULMAN
     DLA PIPER LLP
2    1251 Avenue of the Americas
     New York, NY 10020
3    Telephone: (212) 335-4500
     Facsimile: (212) 335-4501
4    amy.schulman@dlapiper.com

5    STUART M. GORDON (SBN: 037477)
     GORDON & REES LLP
6    Embarcadero Center West
     275 Battery Street, Suite 2000
7    San Francisco, CA 94111
     Telephone: (415) 986-5900
8    Facsimile: (415) 986-8054
     sgordon@gordonrees.com
9
     MICHAEL C. ZELLERS (SBN: 146904)
10   TUCKER ELLIS & WEST LLP
     515 South Flower Street, Suite 4200
11   Los Angeles, CA 90071-2223
     Telephone: (213) 430-3400
12   Facsimile: (213) 430-3409
     michael.zellers@tuckerellis.com
13
     Attorneys for Defendants
14   PFIZER INC., PHARMACIA CORPORATION,
     AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN FRANCISCO DIVISION
18

19   IN RE BEXTRA AND CELEBREX              )   MDL Docket No. 1699
     MARKETING, SALES PRACTICES AND         )
20   PRODUCTS LIABILITY LITIGATION          )   CASE NO. 3:07-cv-4741-CRB
                                            )
21   *This document relates to*             )
                                            )   **PFIZER INC., PHARMACIA**
22   PATRICIA D. SMITH and JAMES P. SMITH,  )   **CORPORATION, AND G.D.**
                                            )   **SEARLE LLC'S ANSWER TO**
23              Plaintiffs,                 )   **COMPLAINT**
                                            )
24        vs.                               )   **JURY DEMAND ENDORSED**
                                            )   **HEREIN**
25   PFIZER, INC., PHARMACIA CORPORATION,   )
     and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
26   CO.),                                  )
                                            )
27              Defendants.                 )
                                            )
28

     Gordon & Rees, LLP
     275 Battery Street, Suite 2000
     San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## **PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

## II.

## **ANSWER**

Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint, Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age, citizenship, and marital status, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including New Hampshire, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including New Hampshire and California, to be prescribed by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   healthcare providers who are by law authorized to prescribe drugs in accordance with their

2   approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the

3   Complaint.

4   5.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

6   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

7   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

8   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

9   Celebrex® in the United States to be prescribed by healthcare providers who are by law

10  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

11  that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

12  and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  6.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

16  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

17  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

18  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

19  Celebrex® in the United States to be prescribed by healthcare providers who are by law

20  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

21  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

22  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

23  adequately described in its FDA-approved prescribing information, which was at all times

24  adequate and comported with applicable standards of care and law.  Defendants deny any

25  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26  7.      Defendants state that the allegations in this paragraph of the Complaint regarding

27  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

28  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    **Response to Allegations Regarding Jurisdiction and Venue**

3    8.    Defendants are without knowledge or information to form a belief as to the truth of the

4    allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

5    in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

6    that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

7    interests and costs.

8    9.    Defendants are without knowledge or information to form a belief as to the truth of the

9    allegations in this paragraph of the Complaint regarding the judicial district in which the

10   asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

11   was and is safe and effective when used in accordance with its FDA-approved prescribing

12   information.  Defendants deny committing a tort in the State of New Hampshire or the State of

13   California and deny the remaining allegations in this paragraph of the Complaint.

14   10.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15   and co-promoted Celebrex® in the United States, including New Hampshire and California, to

16   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

18   time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

19   marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

20   healthcare providers who are by law authorized to prescribe drugs in accordance with their

21   approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and

22   do business in the States of New Hampshire and California.   Defendants state that the

23   allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague

24   and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as

25   to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a

26   tort in the State of New Hampshire or the State of California and deny the remaining allegations

27   in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

11.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this

paragraph of the Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1     or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2     20.     Defendants state that the allegations in this paragraph of the Complaint are not directed

3     towards Defendants and, therefore, no response is required.  To the extent that a response is

4     deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

5     allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

6     or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

7     21.     Plaintiffs' Complaint omits Paragraph Number 21.

8     22.     Defendants state that the allegations in this paragraph of the Complaint regarding "other

9     pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

10    required.  To the extent a response is deemed required, Defendants state that, as stated in the

11    FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

12    be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

13    (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

14    cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the

15    remaining allegations in this paragraph and Defendants therefore lack sufficient information or

16    knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

17    allegations in this paragraph of the Complaint.

18    23.     Defendants state that the allegations in this paragraph of the Complaint regarding

19    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

20    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

21    the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

22    mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

23    primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

24    humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

25    state that Celebrex® was and is safe and effective when used in accordance with its FDA-

26    approved prescribing information.  Defendants state that the potential effects of Celebrex®

27    were and are adequately described in its FDA-approved prescribing information, which was at

28    all times adequate and comported with applicable standards of care and law.  Defendants deny

1    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

2    24.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

3    Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

4    approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

5    osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

6    Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

7    reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

8    ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny

9    the remaining allegations in this paragraph of the Complaint.

10    25.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

11    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

12    Celebrex® in the United States to be prescribed by healthcare providers who are by law

13    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

14    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

15    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

16    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17    accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

18    and effective when used in accordance with its FDA-approved prescribing information.

19    Defendants state that the potential effects of Celebrex® were and are adequately described in its

20    FDA-approved prescribing information, which was at all times adequate and comported with

21    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22    remaining allegations in this paragraph of the Complaint.

23    26.    Defendants state that the referenced article speaks for itself and respectfully refer the

24    Court to the article for its actual language and text.  Any attempt to characterize the article is

25    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

27    this paragraph of the Complaint.

28    27.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-9-

ANSWER TO COMPLAINT – 3:07-cv-4741-CRB

1    Court to the article for its actual language and text. Any attempt to characterize the article is

2    denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information. Defendants deny the remaining allegations in

4    this paragraph of the Complaint.

5    28.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

6    the Court to the FDA Update for its actual language and text. Any attempt to characterize the

7    FDA Update is denied. Defendants state that Celebrex® was and is safe and effective when

8    used in accordance with its FDA-approved prescribing information. Defendants state that the

9    potential effects of Celebrex® were and are adequately described in its FDA-approved

10   prescribing information, which was at all times adequate and comported with applicable

11   standards of care and law. Defendants deny the remaining allegations in this paragraph of the

12   Complaint.

13   29.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information. Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

20   on June 12, 2000. Defendants assert that the submission speaks for itself and any attempt to

21   characterize it is denied. Defendants admit that a Medical Officer Review dated September 20,

22   2000, was completed by the FDA. Defendants state that the referenced study speaks for itself

23   and respectfully refer the Court to the study for its actual language and text. Any attempt to

24   characterize the study is denied. Defendants deny the remaining allegations in this paragraph of

25   the Complaint.

26   31.    Defendants state that the referenced article speaks for itself and respectfully refer the

27   Court to the article for its actual language and text. Any attempt to characterize the article is

28   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    32.    Plaintiffs' Complaint omits Paragraph Number 32.

2    33.    Defendants state that the referenced study speaks for itself and respectfully refer the

3    Court to the study for its actual language and text.  Any attempt to characterize the study is

4    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

5    paragraph of the Complaint.

6    34.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

7    the Court to the Medical Officer Review for its actual language and text.  Any attempt to

8    characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

9    deny the remaining allegations in this paragraph of the Complaint.

10   35.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

11   hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

12   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

13   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14   36.    Defendants state that the referenced articles speak for themselves and respectfully refer

15   the Court to the articles for their actual language and text.  Any attempt to characterize the

16   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

17   refer the Court to the study for its actual language and text.  Any attempt to characterize the

18   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19   37.    Defendants state that the referenced article speaks for itself and respectfully refer the

20   Court to the article for its actual language and text.  Any attempt to characterize the article is

21   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

22   paragraph of the Complaint.

23   38.    Defendants state that the referenced articles speak for themselves and respectfully refer

24   the Court to the articles for their actual language and text.  Any attempt to characterize the

25   articles is denied.   Defendants deny the remaining allegations in this paragraph of the

26   Complaint.

27   39.    Defendants state that the referenced article speaks for itself and respectfully refer the

28   Court to the article for its actual language and text.  Any attempt to characterize the article is

1   denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

2   Court to the study for its actual language and text.  Any attempt to characterize the study is

3   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4   40.    Defendants state that the referenced Medical Officer Review speaks for itself and

5   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

6   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

7   allegations in this paragraph of the Complaint.

8   41.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

9   Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

10  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

11  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  42.    Defendants state that the referenced article speaks for itself and respectfully refer the

13  Court to the article for its actual language and text.  Any attempt to characterize the article is

14  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

15  paragraph of the Complaint.

16  43.    Defendants state that the referenced study speaks for itself and respectfully refer the

17  Court to the study for its actual language and text.  Any attempt to characterize the study is

18  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

19  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

20  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  44.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

23  referenced article speaks for itself and respectfully refer the Court to the article for its actual

24  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

25  remaining allegations in this paragraph of the Complaint.

26  45.    Defendants state that the referenced article speaks for itself and respectfully refer the

27  Court to the article for its actual language and text.  Any attempt to characterize the article is

28  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Monitoring Board" in this paragraph of the Complaint. Defendants therefore lack sufficient

2   information or knowledge to form a belief as to the truth of such allegations and, therefore,

3   deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4   46.    Defendants state that the referenced article speaks for itself and respectfully refer the

5   Court to the article for its actual language and text. Any attempt to characterize the article is

6   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

7   47.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

8   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

9   and text. Any attempt to characterize the Alert for Healthcare Professionals is denied.

10  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  48.    Defendants state that the referenced Medical Officer Review speaks for itself and

12  respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

13  attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

14  allegations in this paragraph of the Complaint.

15  49.    Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide

16  the proper context for the allegations concerning "other Celebrex trials" contained in this

17  paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to

18  form a belief as to the truth of such allegations and, therefore, deny the same. As for the

19  allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

20  that the referenced study speaks for itself and respectfully refer the Court to the study for its

21  actual language and text. Any attempt to characterize the study is denied. Defendants deny the

22  remaining allegations in this paragraph of the Complaint.

23  50.    Defendants state that the referenced article speaks for itself and respectfully refer the

24  Court to the article for its actual language and text. Any attempt to characterize the article is

25  denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

26  51.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

27  Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants

28  therefore lack sufficient information or knowledge to form a belief as to the truth of such

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

2   themselves and respectfully refer the Court to the studies for their actual language and text.

3   Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

4   this paragraph of the Complaint.

5   52.     Defendants state that the referenced Medical Officer Review speaks for itself and

6   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

7   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

8   allegations in this paragraph of the Complaint.

9   53.     Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

10  are not directed toward Defendants, and therefore no response is required.  To the extent that a

11  response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

12  this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

13  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

14  such allegations and, therefore, deny the same.  Defendants state that the referenced study

15  speaks for itself and respectfully refer the Court to the study for its actual language and text.

16  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

17  this paragraph of the Complaint.

18  54.     Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

19  Complaint are not directed toward Defendants, and therefore no response is required.  To the

20  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

21  allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

22  of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

23  belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

24  referenced study speaks for itself and respectfully refer the Court to the study for its actual

25  language and text.  Any attempt to characterize the study is denied.  Defendants deny the

26  remaining allegations in this paragraph of the Complaint.

27  55.     Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

28  Complaint are not directed toward Defendants, and therefore no response is required.  To the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

2  allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

3  of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

4  belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

5  referenced study speaks for itself and respectfully refer the Court to the study for its actual

6  language and text.  Any attempt to characterize the study is denied.  Defendants state that the

7  referenced article speaks for itself and respectfully refer the Court to the article for its actual

8  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

9  remaining allegations in this paragraph of the Complaint.

10  56.     Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants deny the allegations in this

12  paragraph of the Complaint.

13  57.     Defendants state that the referenced article speaks for itself and respectfully refer the

14  Court to the article for its actual language and text.  Any attempt to characterize the article is

15  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  58.     Defendants state that allegations in this paragraph of the Complaint are not directed

17  toward Defendants, and therefore no response is required.  To the extent that a response is

18  deemed required, Defendants state that the referenced article speaks for itself and respectfully

19  refer the Court to the article for its actual language and text.  Any attempt to characterize the

20  article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  59.     Defendants deny the allegations in this paragraph of the Complaint.

22  60.     Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

27  remaining allegations contained in this paragraph of the Complaint.

28  61.     Defendants deny any wrongful conduct and deny the allegations contained in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    62.    Defendants deny any wrongful conduct and deny the allegations contained in this

3    paragraph of the Complaint.

4    63.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

9    paragraph of the Complaint.

10    64.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13    effective when used in accordance with its FDA-approved prescribing information.  Defendants

14    state that the potential effects of Celebrex® were and are adequately described in its FDA-

15    approved prescribing information, which was at all times adequate and comported with

16    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17    Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

18    the Complaint.

19    65.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

20    Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

21    November 14, 2000.  Defendants state that the referenced letters speak for themselves and

22    respectfully refer the Court to the letters for their actual language and text.  Any attempt to

23    characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

24    of the Complaint.

25    66.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

26    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

27    the letter for its actual language and text.  Any attempt to characterize the letter is denied.

28    Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

67.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   United States to be prescribed by healthcare providers who are by law authorized to prescribe

2   drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

3   prescription medication which is approved by the FDA for the following indications: (1) for

4   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

5   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

6   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

7   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

8   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

9   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

10  and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

11  paragraph of the Complaint.

12  71.     Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which at all times was adequate and comported with applicable standards of care and law.

16  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

17  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

18  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

19  that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

20  72.     Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

25  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

26  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

28  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    United States to be prescribed by healthcare providers who are by law authorized to prescribe

2    drugs in accordance with their approval by the FDA. Defendants deny the remaining

3    allegations in this paragraph of the Complaint.

4    73.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information. Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which at all times was adequate and comported with applicable standards of care and law.

8    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

9    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

10   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

11   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

12   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

13   United States to be prescribed by healthcare providers who are by law authorized to prescribe

14   drugs in accordance with their approval by the FDA. Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   74.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information. Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   75.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information. Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   76.    Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

77.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

82.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

85.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

86.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  87.    Defendants state that this paragraph of the Complaint contains legal contentions to

5  which no response is required.  To the extent that a response is deemed required, Defendants

6  admit that they had duties as are imposed by law but deny having breached such duties.

7  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

8  FDA-approved prescribing information.  Defendants state that the potential effects of

9  Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12  the Complaint.

13  88.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16  effective when used in accordance with its FDA-approved prescribing information.  Defendants

17  state that the potential effects of Celebrex® were and are adequately described in its FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint, including all subparts.

21  89.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information.  Defendants

25  state that the potential effects of Celebrex® were and are adequately described in its FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

90.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

95.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

96.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

1    Complaint as if fully set forth herein.

2    97.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

5    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

6    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

7    with their approval by the FDA.    Defendants admit that, during certain periods of time,

8    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

9    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

10   providers who are by law authorized to prescribe drugs in accordance with their approval by the

11   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

12   consumers without substantial change from the time of sale.  Defendants deny the remaining

13   allegations in this paragraph of the Complaint.

14   98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny the remaining allegations in this paragraph of the Complaint.

19   99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

24   remaining allegations in this paragraph of the Complaint.

25   100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Celebrex® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4    the Complaint.

5    105.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8    effective when used in accordance with its FDA-approved prescribing information.  Defendants

9    state that the potential effects of Celebrex® were and are adequately described in its FDA-

10   approved prescribing information, which was at all times adequate and comported with

11   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12   Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

13   paragraph of the Complaint.

14   106.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   107.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Celebrex® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint.

28   108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-26-

ANSWER TO COMPLAINT – 3:07-cv-4741-CRB

1  damage, and deny the remaining allegations in this paragraph of the Complaint.

2  109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3  damage, and deny the remaining allegations in this paragraph of the Complaint.

4  110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5  damage, and deny the remaining allegations in this paragraph of the Complaint.

6  111.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7  damage, and deny the remaining allegations in this paragraph of the Complaint.

8  **Response to Third Cause of Action: Breach of Express Warranty**

9  112.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

10  Complaint as if fully set forth herein.

11  113.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14  effective when used in accordance with its FDA-approved prescribing information.  Defendants

15  state that the potential effects of Celebrex® were and are adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendants admit that they provided FDA-approved

18  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

19  this paragraph of the Complaint.

20  114.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants admit that they provided FDA-approved

27  prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

28  deny the remaining allegations in this paragraph of the Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    115.    Defendants admit that they provided FDA-approved prescribing information regarding

2    Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3    paragraph of the Complaint.

4    116.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10    117.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants state that the potential effects of

12    Celebrex® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15    the Complaint.

16    118.    Defendants are without knowledge or information sufficient to form a belief as to the

17    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18    Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of

19    Celebrex® were and are adequately described in its FDA-approved prescribing information,

20    which was at all times adequate and comported with applicable standards of care and law.

21    Defendants admit that they provided FDA-approved prescribing information regarding

22    Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23    119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

24    damage, and deny the remaining allegations in this paragraph of the Complaint.

25    120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

26    damage, and deny the remaining allegations in this paragraph of the Complaint.

27    121.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

28    damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

123.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

124.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  were and are adequately described in its FDA-approved prescribing information, which was at

2  all times adequate and comported with applicable standards of care and law.  Defendants deny

3  any wrongful conduct, deny that they breached any warranty, and deny the remaining

4  allegations in this paragraph of the Complaint.

5  128.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

8  medication which is approved by the FDA for the following indications: (1) for relief of the

9  signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

10  arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

11  primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

12  adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

13  surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

14  signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

15  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  129.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  state that the potential effects of Celebrex® were and are adequately described in its FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law.  Defendants admit that they provided FDA-approved

23  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

24  this paragraph of the Complaint.

25  130.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case,

28  Celebrex® was expected to reach users and consumers without substantial change from the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    131.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    state that the potential effects of Celebrex® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

9    breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

10   132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

11   damage, and deny the remaining allegations in this paragraph of the Complaint.

12   133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

13   damage, and deny the remaining allegations in this paragraph of the Complaint.

14   134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

15   damage, and deny the remaining allegations in this paragraph of the Complaint.

16   135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

17   damage, and deny the remaining allegations in this paragraph of the Complaint.

18   **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

19   136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20   Complaint as if fully set forth herein.

21   137.    Defendants state that this paragraph of the Complaint contains legal contentions to

22   which no response is required.  To the extent that a response is deemed required, Defendants

23   admit that they had duties as are imposed by law but deny having breached such duties.

24   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

25   FDA-approved prescribing information.   Defendants state that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

138.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

139.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4  remaining allegations in this paragraph of the Complaint.

5  146.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

12  remaining allegations in this paragraph of the Complaint.

13  147.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16  effective when used in accordance with its FDA-approved prescribing information.  Defendants

17  state that the potential effects of Celebrex® were and are adequately described in its FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint.

21  148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25  150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

26  damage, and deny the remaining allegations in this paragraph of the Complaint.

27  151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

152.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

153.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Seventh Cause of Action:

## State Consumer Fraud and Deceptive Trade Practices Act

158.    Answering the second Paragraph 158 of this Complaint, Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

159.    Plaintiffs' Complaint omits Paragraph Number 159.

160.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

164. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

165. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

166. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

167. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

168. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

169. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    170.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    171.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6                            **Response to Prayer For Relief**

7            Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8    damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

9    Relief," including all subparts.

10                                    **III.**

11                            **GENERAL DENIAL**

12            Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

13    Complaint that have not been previously admitted, denied, or explained.

14                                    **IV.**

15                            **AFFIRMATIVE DEFENSES**

16            Defendants reserve the right to rely upon any of the following or additional defenses to

17    claims asserted by Plaintiffs to the extent that such defenses are supported by information

18    developed through discovery or evidence at trial.  Defendants affirmatively show that:

19                                **First Defense**

20    1.    The Complaint fails to state a claim upon which relief can be granted.

21                                **Second Defense**

22    2.    Celebrex® is a prescription medical product.  The federal government has preempted

23    the field of law applicable to the labeling and warning of prescription medical products.

24    Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

25    federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

26    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

27    and violate the Supremacy Clause of the United States Constitution.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Third Defense

3.     At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.     Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.     Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   of God.

2   **Eleventh Defense**

3   11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

4   **Twelfth Defense**

5   12.    A manufacturer has no duty to warn patients or the general public of any risk,

6   contraindication, or adverse effect associated with the use of a prescription medical product.

7   Rather, the law requires that all such warnings and appropriate information be given to the

8   prescribing physician and the medical profession, which act as a "learned intermediary" in

9   determining the use of the product.  Celebrex® is a prescription medical product, available only

10  on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

11  treating and prescribing physicians.

12  **Thirteenth Defense**

13  13.    The product at issue was not in a defective condition or unreasonably dangerous at the

14  time it left the control of the manufacturer or seller.

15  **Fourteenth Defense**

16  14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

17  for its intended use and the warnings and instructions accompanying Celebrex® at the time of

18  the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

19  usages.

20  **Fifteenth Defense**

21  15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

22  Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable

23  standard of care.

24  **Sixteenth Defense**

25  16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of

26  the product Celebrex® after the product left the control of Defendants and any liability of

27  Defendants is therefore barred.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Seventeenth Defense**

2   17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

3   Defendants.

4

**Eighteenth Defense**

5   18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

6   conditions unrelated to Celebrex®.

7

**Nineteenth Defense**

8   19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore,

9   the doctrine of assumption of the risk bars or diminishes any recovery.

10

**Twentieth Defense**

11  20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

12  preempted in accordance with the Supremacy Clause of the United States Constitution and by

13  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

14

**Twenty-first Defense**

15  21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

16  the subject pharmaceutical product at issue was subject to and received pre-market approval by

17  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

18

**Twenty-second Defense**

19  22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

20  Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

21  and Plaintiffs' causes of action are preempted.

22

**Twenty-third Defense**

23  23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

24  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

25  issue under applicable federal laws, regulations, and rules.

26

**Twenty-fourth Defense**

27  24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

28  action concerning matters regulated by the Food and Drug Administration under applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    federal laws, regulations, and rules.

2                               **Twenty-fifth Defense**

3    25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

4    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

5    of Comment j to Section 402A of the Restatement (Second) of Torts.

6                               **Twenty-sixth Defense**

7    26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

8    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

9    Restatement (Second) of Torts § 402A, Comment k.

10                              **Twenty-seventh Defense**

11   27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

12   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

13   to § 6 of the Restatement (Third) of Torts: Products Liability.

14                              **Twenty-eighth Defense**

15   28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

16   Products Liability.

17                              **Twenty-ninth Defense**

18   29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

19   facts sufficient under the law to justify an award of punitive damages.

20                              **Thirtieth Defense**

21   30.    Defendants affirmatively aver that the imposition of punitive damages in this case

22   would violate Defendants' rights to procedural due process under both the Fourteenth

23   Amendment of the United States Constitution and the Constitutions of the States of New

24   Hampshire and California, and would additionally violate Defendants' rights to substantive due

25   process under the Fourteenth Amendment of the United States Constitution.

26                              **Thirty-first Defense**

27   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

28   Fourteenth Amendments to the United States Constitution.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-42-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.     Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of New Hampshire and California.  Any

law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Forty-first Defense**

41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

any agency thereof.

### Forty-eighth Defense

48.     The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

January 10, 2008                    GORDON & REES LLP


                                    By:_____/s/_____

                                    Stuart M. Gordon
                                    sgordon@gordonrees.com
                                    Embarcadero Center West
                                    275 Battery Street, 20th Floor
                                    San Francisco, CA 94111
                                    Telephone:  (415) 986-5900
                                    Fax:  (415) 986-8054


January 10, 2008                    TUCKER ELLIS & WEST LLP


                                    By:_____/s/_____

                                    Michael C. Zellers
                                    michael.zellers@tuckerellis.com
                                    515 South Flower Street, Suite 4200
                                    Los Angeles, CA 90071
                                    Telephone:  (213) 430-3400
                                    Fax:  (213) 430-3409

                                    Attorneys for Defendants
                                    PFIZER INC, PHARMACIA
                                    CORPORATION, and G.D. SEARLE
                                    LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2       Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  January 10, 2008                              GORDON & REES LLP

6

7                                               By: _____/s/_____

8                                               Stuart M. Gordon
                                                sgordon@gordonrees.com
9                                               Embarcadero Center West
                                                275 Battery Street, 20th Floor
10                                              San Francisco, CA  94111
                                                Telephone:  (415) 986-5900
11                                              Fax:  (415) 986-8054

12

13 January 10, 2008                              TUCKER ELLIS & WEST LLP

14

15                                              By: _____/s/_____

16                                              Michael C. Zellers
                                                michael.zellers@tuckerellis.com
17                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA 90071
18                                              Telephone:  (213) 430-3400
                                                Fax:  (213) 430-3409

19                                              Attorneys for Defendants
                                                PFIZER INC, PHARMACIA
20                                              CORPORATION, and G.D. SEARLE
                                                LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111